## LORANCE v. MARCHBANKS.

### SUPREME COURT, AUSTIN TERM, 1883.

*Judgment—Correction of.—*It is clerical and not judicial errors that the supreme court may correct, and to obtain such corrections it must be shown that the court intended to pronounce a difficult judgment from the one entered up.

*Same.—*The simple filing of an appeal bond, cannot change the nature of the judgment from which the appeal is taken.

Appeal from Johnson County.

*DeBerry & Smith* and *Ferris & Rainey*, for appellants.

*Brown & Ramsey*, *W. F. George*, and *Dudley G. Wooten*, for appellee.

Motion to correct judgment. Opinion on motion by Willie, C. J.

It is apparent from the record in this cause that the controversy between G. F. Marchbanks and Lorance was not a personal one, but

that they litigated the subject matter of it as administrators of the respective estates represented by them. The pleadings, evidence, and even the general tenor of the judgment rendered, conclusively show this, and the only difficulty arises out of the fact that a portion of the amount recovered against Lorance, in his representative capacity, was to be enforced by execution.

Whilst the pleadings and evidence fully authorized the recovery of the amount adjudged against Lorance, in his capacity of administrator, they did not under the statute justify any other order for its enforcement except that it be established as a claim against the estate he represented. Revised Statutes, 2029.

In no event could the court direct that such a judgment should be enforced by an execution against the individual property of the administrator. As there was an order of this character made in the judgment rendered in the district court, this court evidently disregarded that order, and entered the proper one in affirming the judgment, viz: that the amount recovered stand as an established claim against the estate represented by the administrator of R. P. Marchbanks.

If they had treated the judgment as a personal one against Lorance, they would have declined to take jurisdiction and dismissed the appeal for want of a bond.

What we are asked to do is to reverse this decision of the court and to hold that this was a personal judgment; and to render such judgment as they should have rendered, had they so held, and the transcript had contained an important paper, which was not then embodied in it.

It is true that this court has authority to amend a judgment after the expiration of the term at which it was rendered, in order to correct clerical mistakes or errors, or to add an omitted clause necessary to give it effect, when there is anything in the judgment by which to amend. Chambers v. Hodges, 3 Tex. 517; Trammell v. Trammell, 25 Tex. Sup. 261.

But it has no revisory or appellate powers over such judgment and cannot under the guise of an amendment modify or enlarge a previous judgment so as to make it express something which the court did not pronounce, though it should clearly appear that they ought to have so decided. Freeman on Judgments, Sec. 70. It is clerical and not judicial errors that may be corrected, and to obtain such

correction, it must at least be shown that the court intended to pronounce a different judgment from the one entered up. Ibid.

Now, whatever our opinion might be as to whether our predecessors were right or wrong in holding this a judgment against Lorance, as administrator, and we do not mean to intimate that we dif-

fer from them the least on this question, we could not reverse their decision. If we could not do this upon the record before them, we cannot do so with the appeal bond added.

The simple filing of an appeal bond, an act of the clerk and of the parties defendant, cannot change the nature of the judgment from which the appeal is taken.

If it was not a personal judgment before, it was not such after the bond was filed. If this court held that it was not a personal judgment as to Lorance without the presence of the bond, we have no right to say that they would have held differently had the bond been a part of the record.

If we once establish a precedent that judgments rendered at former terms are to be opened for the purpose of letting in papers which should have been before the court when the cases were decided, and which would have justified a different conclusion from the one reached, we open a door for the reconsideration of every cause determined upon an imperfect record.

This motion cannot be granted for another reason: The bond describes the judgment as one recovered by the administrator of Russell Marchbanks against Lorance and C. R. & J. R. Haley for the sum of $901.25 in money and $627.88 in notes payable to the latter, and for 28-33 of the value of three horses in the hands of Lorance as administrator, valued at $40, and for twenty-eight thirty-thirds of the value uncollected on a certain judgment rendered May 1, 1875, in favor of said Lorance against C. R. & J. R. Haley, the value of which is not stated, besides costs of suit, from which judgment the said Lorance & C. R. & J. R. Haley had appealed to the Supreme Court.

The judgment as actually rendered was in all these respects against Lorance alone, and there were no such recoveries had against C. R. & J. R. Haley or either of them. They were not affected in the least by the judgment, as it enforced no new demand, nor gave

a new remedy against them, but in some respects placed remedies already had against them in the hands of a different party. No costs were even adjudged against them; and the costs were not all adjudged against Lorance, but some against the plaintiff. No one but Lorance gave notice of appeal from this judgment.

The bond then is made by parties, some of whom are neither appellants nor sureties; it misdescribes the judgment as to the persons against whom it was recovered, and in other material respects.

If it had been before the court when the case was heretofore considered, and the judgment had been treated as a personal one, the appeal would have been dismissed.

Brought before us now and being a nullity, it can have no effect upon the record, and the judgment must stand as originally rendered.

The motion to amend is overruled.